Matter of Sheidlower (2018 NY Slip Op 08139)





Matter of Sheidlower


2018 NY Slip Op 08139


Decided on November 28, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LINDA CHRISTOPHER, JJ.


2018-06713

[*1]In the Matter of Donna F. Sheidlower, admitted as Donna Faith Yanofsky, an attorney and counselor-at-law, respondent. (Attorney Registration No. 1983451)



Application pursuant to 22 NYCRR 1240.10 by Donna F. Sheidlower, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 1, 1985, under the name Donna Faith Yanofsky, to resign as an attorney and counselor-at-law.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for Grievance Committee for the Tenth Judicial District.
Donna F. Sheidlower, Great Neck, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Donna F. Sheidlower, has submitted an affidavit sworn to on June 6, 2018, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in her affidavit that she is the subject of an investigation conducted by the Grievance Committee for the Tenth Judicial District into allegations of professional misconduct which include the following: as an attorney employed by the law firm of Miller & Milone, P.C., with offices located at 100 Quentin Roosevelt Boulevard, Suite 205, Garden City, New York, 11530, the respondent (1) neglected collection matters on behalf of firm clients "FHS" and "Bethel" as well as five cases known to the firm as Elder Law collections cases, and that the neglect of these client matters occurred over the course of several years; and (2) falsified status reports of work done on the above-mentioned client matters to cover up her neglect, and transmitted these reports to the clients, knowing such reports were false. She attests that she cannot successfully defend against the allegations based upon the facts and circumstances of her professional misconduct.
The respondent acknowledges that her resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys.
The respondent attests that the investigation does not include allegations that she willfully misappropriated or misapplied money or property in the practice of law.
The respondent acknowledges that her resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection, and that she consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, the respondent acknowledges and agrees that, pending the issuance of an [*2]order accepting her resignation, she shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which she has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that, in the event that this Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the respondent's application to resign be granted.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CHRISTOPHER, JJ., concur.
ORDERED that the application of Donna F. Sheidlower, admitted as Donna Faith Yanofsky, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, Donna F. Sheidlower, admitted as Donna Faith Yanofsky, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that Donna F. Sheidlower, admitted as Donna Faith Yanofsky, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, Donna F. Sheidlower, admitted as Donna Faith Yanofsky, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if Donna F. Sheidlower, admitted as Donna Faith Yanofsky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court